UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PATRICK F.,

                    Plaintiff,

          v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

Case No. C25-966-MLP

ORDER

## I.    INTRODUCTION

Plaintiff seeks review of the denial of his application for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends that the administrative law judge ("ALJ") erred in assessing Plaintiff's and his mother's testimony, Plaintiff's substance abuse, and his concentration and attention deficits. (Dkt. # 9.) The Commissioner filed a response arguing that the ALJ's decision is free of legal error, supported by substantial evidence, and should be affirmed. (Dkt. # 11.) Plaintiff filed a reply.[1] (Dkt. # 12.) Having considered the ALJ's decision, the administrative record ("AR"), and the parties' briefing, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.[2]

---

[1] In his reply, Plaintiff withdrew an assignment of error in assessing medical opinion evidence.

[2] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 2.)

ORDER - 1

## II.     BACKGROUND

Plaintiff was born in 1999, has a high school education, and has worked as a stores laborer and grinding machine tender. AR at 29. Plaintiff was last gainfully employed in 2022. *Id.* at 19. In July 2021, Plaintiff applied for benefits, alleging disability as of June 2021. AR at 17. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* After the ALJ conducted a hearing in January 2024, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 17-31, 37-69.

Using the five-step disability evaluation process,[3] the ALJ found, in pertinent part, that Plaintiff has the severe impairments of psychotic disorder, depressive disorder, and substance use disorder. AR at 19. The ALJ found Plaintiff could perform simple, routine work with brief, superficial public contact, no tandem or teamwork, and simple, predictable, routine workplace changes. *Id.* at 21.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-3. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

## III.     LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may overturn the Commissioner's denial of social security benefits if the ALJ's decision rests on legal error or is not supported by substantial evidence. *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (cleaned up). In applying this

---

[3] 20 C.F.R. §§ 404.1520, 416.920.

standard, the Court must consider the record as a whole to determine whether it contains

sufficient evidence to support the ALJ's findings. *Id.*

Although the Court evaluates the record as a whole, it is not permitted to reweigh the

evidence or substitute its judgment for that of the ALJ. *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th

Cir. 2021). The ALJ is tasked with evaluating testimony, resolving conflicts in the medical

evidence, and addressing ambiguities in the record. *Smartt*, 53 F.4th at 494-95. Where the

evidence can be interpreted in more than one rational way, the ALJ's decision must be upheld.

*Id.* Even if the ALJ erred, reversal is not warranted unless the error affected the outcome of the

disability determination. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The party

challenging the ALJ's decision bears the burden of demonstrating harmful error. *Shinseki v.

Sanders*, 556 U.S. 396, 409 (2009).

## IV.    DISCUSSION

### A.    The ALJ Did Not Err in Evaluating Plaintiff's Testimony

Absent evidence of malingering, an ALJ is required to provide clear and convincing

reasons for discounting a claimant's testimony. *See Laborin v. Berryhill*, 867 F.3d 1151, 1155

(9th Cir. 2017). That said, the ALJ is not required to believe every allegation, nor to analyze

testimony line by line. *See Ahearn*, 988 F.3d at 1116; *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th

Cir. 2020). The question is not whether this Court is convinced, "but instead whether the ALJ's

rationale is clear enough that it has the power to convince." *Smartt*, 53 F.4th at 499.

Plaintiff testified to difficulties working and living independently. AR at 48-50. At the

time of the hearing, he was living with his grandparents and volunteering at a museum once a

week for three hours. *Id.* at 46. In a May 2022 Function Report, Plaintiff stated that he was easily

confused and had difficulty concentrating. *Id.* at 259, 264. He reported needing help remembering to do household chores or pay bills. *Id.* at 261-62.

The ALJ discounted Plaintiff's testimony based on substantial improvement with treatment. AR at 27-28. The ALJ acknowledged severe symptoms at the beginning of the relevant period, including two hospitalizations in June and September 2021.[4] *Id.* at 25-26. The ALJ found, however, that subsequently Plaintiff significantly improved with compliance with treatment. *Id.* at 27-28. His mental status examinations were normal, he reported minimal symptoms, and his psychiatrist assessed him as asymptomatic. *Id.* at 28 (citing *id.* at 1242-43, 1465-68, 1475, 1480-81, 1570-71).

Plaintiff argues the ALJ mischaracterized the overall record, which included instances of panic attacks, mood swings, hopelessness, difficulty thinking or concentrating, emotional withdrawal or isolation, insomnia, and fatigue. (Dkt. # 9 at 9 (citing AR at 207, 317, 333, 411, 414, 418, 581, 620, 1108).) Some of the records cited are from before the relevant period or are not medical records addressing mental symptoms. AR at 207, 317, 620. Several of the records relate to Plaintiff's inpatient admissions in June and September 2021, which the ALJ acknowledged was a period of increased symptoms. *See id.* at 411, 414, 418, 1108. Other records note difficulty falling asleep, although no trouble staying asleep. *Id.* at 333, 581. Moreover, those records note decreased depression and anxiety, more energy, and an ability to get things done a lot better. *Id.* at 332, 580. None of this evidence undermines the ALJ's characterization of the record as a whole.

---

[4] Plaintiff appears to argue his limitations during this period should have been included in the RFC. (*See* dkt. # 12 at 6.) But this period did not extend for twelve months after the alleged onset date and thus could not have been the basis for a disability finding. *See* 20 C.F.R. §§ 404.1509, 416.909.

On reply, Plaintiff contends there was "no evidence" that Plaintiff's bipolar and schizoaffective disorders were effectively controlled because PHQ-9 tests revealed continuing depressive symptoms. (Dkt. # 12 at 2-3.) Plaintiff points to a June 2023 intake interview by Dilara Soldate, MSW. (*Id.* at 3 (citing AR at 1578-79).) Ms. Soldate concluded Plaintiff's overall symptom severity was "moderate" and that his symptoms had a "significant impact" on his social and occupational functioning. AR at 1578-79. Consistent with Ms. Soldate's findings, the ALJ found Plaintiff's impairments were severe at step two, which means they had a significant impact on his ability to work. *See* 20 C.F.R §§ 404.1520(c), 416.920(c). In a July 2023 appointment with Ms. Soldate, Plaintiff was more depressed and anxious and reported more mood and sleep symptoms, but Ms. Soldate concluded there were "[n]o [c]linically significant changes" since his last appointment. AR at 1609. Again, none of this evidence shows that the ALJ's interpretation of the overall record was unreasonable.

Plaintiff fails to identify any error in the ALJ's reasoning. Plaintiff's arguments merely ask the Court to reweigh the evidence, which it is not permitted to do. The ALJ's interpretation of the record was reasonable, and thus, must be upheld. The Court concludes the ALJ did not err by discounting Plaintiff's testimony.

### B.    The ALJ Did Not Err in Evaluating Lay Witness Testimony

Plaintiff's mother testified that Plaintiff gets confused easily, has difficulty with concentration and understanding, "zones out" a lot, cannot live alone, and could not perform full time work without close supervision. AR at 55-62, 229-36, 247-54. The ALJ found Plaintiff's mother's testimony inconsistent with the medical evidence, but did not specify which evidence or how it was inconsistent. *Id.* at 23.

The parties debate whether the regulations require an ALJ to articulate reasons for discounting lay witness testimony. (Dkt. ## 11 at 3-4, 12 at 5.) Whether or not lay witness testimony always necessitates articulation, an ALJ may not reject significant, probative evidence without explanation. *Flores v. Shalala*, 49 F.3d 562, 571 (9th Cir. 1995); *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (An ALJ "need not discuss *all* evidence presented to her. Rather, she must explain why 'significant probative evidence has been rejected.'" (alteration in original) (quoting *Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981)).

Failure to explain the rejection of lay witness testimony is harmless error, however, where the ALJ provided valid reasons to reject similar testimony. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (because "the ALJ provided clear and convincing reasons for rejecting [the claimant's] own subjective complaints, and because [the lay witness's] testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting [the lay witness's] testimony"). Here, the testimony of Plaintiff's mother did not differ significantly from Plaintiff's. Accordingly, the ALJ's reasoning regarding Plaintiff's testimony applied with equal force to her testimony.

## C.    The ALJ Did Not Err in Assessing Substance Use

After an ALJ makes a finding of disability, if the record contains medical evidence of drug addiction or alcoholism ("DAA"), the ALJ must consider whether it is a contributing factor material to the determination of disability. 20 C.F.R. §§ 404.1535(a), 416.935(a). Plaintiff contends that, because the ALJ found substance abuse was a severe impairment, he should have "proceeded with the DAA analysis[.]" (Dkt. # 9 at 12.) The ALJ did not make a finding of disability, and thus was not required to continue to the second step of analyzing the materiality of DAA. *See Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001) (an ALJ errs by failing to

1    determine whether the claimant is disabled prior to finding that DAA is a contributing material

2    factor). To the extent Plaintiff contends that the ALJ erred by performing the second step of the

3    DAA analysis—assessing Plaintiff's limitations in the absence of DAA—before the first,

4    Plaintiff's argument is unpersuasive. The record reflects that Plaintiff's substance use occurred in

5    the period shortly after the alleged onset date, when he underwent two hospitalizations; a period

6    the ALJ acknowledged featured heightened symptoms. *See* AR at 24-26. Plaintiff points to no

7    evidence of substance use after his release from hospitalization in October 2021. There is no

8    requirement that the ALJ speculate as to what Plaintiff's limitations would have been if he had

9    engaged in substance use. Plaintiff fails to show the ALJ erred.

10    Plaintiff contends the ALJ improperly noted Plaintiff's substance abuse to discredit him

11    without performing the two-step DAA analysis. (Dkt. # 9 at 11.) This is not borne out by the

12    record. The ALJ discounted Plaintiff's testimony based on improvement with treatment. *See,*

13    *e.g.*, AR at 26 ("These records are indicative of improvement with medication, and the modest

14    mental status examination findings do not support greater limitations than [in the RFC].").

15    Noting that Plaintiff's symptoms "improve[d] with medication compliance and abstinence from

16    substance use" does not undermine the ALJ's reasoning, particularly where abstaining from

17    substance use is part of the treatment recommendations. *Id.* at 24; *see, e.g., id.* at 661 ("Avoid

18    alcohol/other substances"), 676 ("He was discouraged from using cannabis entirely and was

19    made aware of the risks [and] the relationship to psychosis."); 726 ("he was strongly discouraged

20    from using any hallucinogens or drugs").

21    Plaintiff next argues the ALJ erred by failing to develop the record because a State

22    agency consultant found Plaintiff was capable of work when not using drugs, yet also made a

23    contradictory notation that there was "no evidence of any . . . DAA issue" after concluding

1    Plaintiff was not disabled. AR at 77. It appears that this notation indicated DAA was irrelevant

2    due to the nondisability determination. Even if statements are contradictory, however, the ALJ's

3    duty to develop the record as a whole is not triggered merely because a doctor's opinion contains

4    confusing or inconsistent statements. "An ALJ's duty to develop the record further is triggered

5    only when there is ambiguous evidence or when the record is inadequate to allow for proper

6    evaluation of the evidence." *Ford*, 950 F.3d at 1156 (cleaned up). There is no dispute that

7    Plaintiff had the severe impairment of substance abuse. Plaintiff has made no showing that the

8    record as a whole is ambiguous or inadequate, and thus, the ALJ's duty was not triggered.

9              **D.    The ALJ Did Not Err in Determining Plaintiff's RFC**

10             Plaintiff argues the restriction in the RFC to simple, routine work does not account for

11   moderate limitations in concentration, persistence, and pace that the ALJ accepted.[5] (Dkt. # 9 at

12   15-17.) The ALJ found persuasive the State agency consultants' opinions. AR at 29. Both

13   consultants opined that Plaintiff was moderately limited in the "ability to maintain attention and

14   concentration for extended periods." *Id.* at 75, 83, 93, 104. Both further explained that Plaintiff

15   was capable of performing simple, routine work within customary workplace tolerances. *Id.*

16   Accordingly, the ALJ limited Plaintiff to simple, routine work. *Id.* at 21.

17             Plaintiff's argument requires interpreting the consultants' opinions as internally

18   inconsistent. The ALJ's interpretation, however, that the medical experts opined moderate

19   limitations that did not prevent Plaintiff from sustaining concentration long enough for full time

20   work, was reasonable and must be upheld.

21

22

23   _____

[5] At step three, the ALJ found Plaintiff had a "moderate limitation" in "concentrating, persisting or maintaining pace[.]" AR at 20. The step three analysis is "not a residual functional capacity assessment" and the language need not be imported directly into the RFC. *Id.* at 21; Social Security Ruling 96-8p, *4 (S.S.A. Jul. 2, 1996).

1    Plaintiff cites *Brink v. Comm'r Soc. Sec. Admin.*, where the Ninth Circuit, in an

2  unpublished opinion, reversed an ALJ's decision accepting medical evidence of "moderate

3  difficulty maintaining concentration, persistence, or pace" but only restricting the claimant to

4  "simple, repetitive work." 343 F. App'x 211, 212 (9th Cir. 2009). The Ninth Circuit found that

5  "the ALJ did not equate 'simple, repetitive work' with work requiring concentration, persistence,

6  or pace," because the vocational expert testified that a person with "moderate to marked attention

7  and concentration deficits" could not perform the same jobs that a person limited to simple,

8  repetitive work could. *Id.* That is not the situation here. First, the State agency consultants did not

9  find Plaintiff had "moderate to marked" deficits. Second, here the doctors themselves equated

10  simple, routine work with moderate limitations in concentration and attention. The ALJ did not

11  err by interpreting the doctors' opinions as the doctors themselves interpreted them.

12    The Court concludes the ALJ did not err in formulating the RFC. *See Stubbs-Danielson v.*

13  *Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (RFC adequate "where the assessment is consistent

14  with restrictions identified in the medical testimony.").

### V.    CONCLUSION

16    For the foregoing reasons, the Commissioner's final decision AFFIRMED and this case

17  is DISMISSED with prejudice.

18    Dated this 27th day of October, 2025.

19

20    _____
   MICHELLE L. PETERSON
21   United States Magistrate Judge

22

23